# EXHIBIT A

(The information on the front of this folder is optional.)



*08CV011406*

Dan O Donkwa

**Plaintiff**

_____

**Plaintiff's Attorney**

_____

Holly Hill Hospital, LLC

**Defendant**

_____

**Defendant's Attorney**

_____

**File No.:** 08CV511406

JUL 0 2 2008

CIVIL

# STATE OF NORTH CAROLINA

_____WAKE_____ County

File No. _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
DAN O. DANKWA

*Address*
c/o Law Offices of Michael C. Byrne, P.C., 150 Fayetteville St

*City, State, Zip*
Suite 1130, Raleigh, NC 27601

**VERSUS**

*Name Of Defendant(s)*
HOLLY HILL HOSPITAL, LLC

## CIVIL SUMMONS

☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

## To Each Of The Defendant(s) Named Below:

*Name And Address Of Defendant 1*
HOLLY HILL HOSPITAL, LLC

c/o CT Corporation System

225 Hillsborough Street, Raleigh, NC 27603

*Name And Address Of Defendant 2*

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*
Michael C. Byrne

Wachovia Capitol Center, Suite 1130

150 Fayetteville Street, Raleigh, NC 27601

*Date Issued*
06-30-2008

*Time*
3:57 ☐ AM ☐ PM

*Signature*

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

*Date Of Endorsement*

*Time*
☐ AM ☐ PM

*Signature*

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned to mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts
(Over)

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

File No.

| | |
|---|---|
| DAN O. DANKWA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOLLY HILL HOSPITAL, LLC, | ) |
| | ) |
| Defendant, | ) |

**COMPLAINT**

1. Plaintiff Dan O. Dankwa (afterwards "Plaintiff"), is a black male of non-United States, African origin, and is a resident of Wake County, North Carolina.

2. Defendant Holly Hill Hospital, LLC (afterwards, "Defendant"), is on information and belief a limited liability company organized and existing under the law of the State of Tennessee..

3. Defendant, via a certificate of authority application filed with the offices of the North Carolina Secretary of State on or about August 8, 2007, is authorized to do business in North Carolina and is accordingly subject to the general jurisdiction of the courts of this state

4. Defendant operates one or more facilities in North Carolina providing, on information and belief, various mental health and substance abuse issues. This facility or facilities include(s) a facility that at all relevant times was located on 3019 Falstaff Road in Raleigh, Wake County, North Carolina, and at which Plaintiff was employed at all relevant times.

5. Defendant at all relevant times had more than 15 persons, including Plaintiff, working for Defendant as employees on a full time basis.

6. In 2007, Defendant, or employees of Defendant acting on Defendant's behalf whose actions are imputed to Defendant, terminated Plaintiff's employment with Defendant.

7. Plaintiff timely exhausted all available administrative/internal remedies by taking part in Defendant's internal appeal process, which afforded Plaintiff no relief.

8. Plaintiff then timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC), alleging discrimination based on national origin. The EEOC mailed Plaintiff a right to sue letter on April 29, 2008.

## FOR A FIRST CAUSE OF ACTION
### (Discrimination – National Origin-Title VII)

9. Paragraphs 1 through 8 above are hereby re-alleged and incorporated by reference as if fully set forth.

10. Plaintiff, as a black male of non-United States origin, is a member of a protected class under Title VII, 42 U.S.C. § 2000e-2(a), specifically that class of persons prohibited from adverse employment action and discrimination based on national origin.

11. Accordingly, it is a violation of Title VII for Defendant, who was at all relevant times subject to Title VII, to take adverse employment action against Plaintiff, to discharge Plaintiff, or otherwise to discriminate against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of Plaintiff's national origin.

12. On information and belief, Defendant, through employees whose actions are imputed to Defendant, did in fact take adverse employment action against Plaintiff, discharged Plaintiff, and discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of Plaintiff's national origin.

13. Moreover, during Defendant's internal grievance/appeals process, Plaintiff brought to Defendant's attention the fact that some of the very issues of which Defendant's employees

complained of in dismissing Plaintiff were attributes, such as being emotional, gesticulating, raising one's voice, or crying, typical of persons of Plaintiff's national origin. Despite this specific knowledge, again, Defendant upheld its employees' decision to terminate Plaintiff's employment.

14. Accordingly, in taking adverse employment action against Plaintiff, discharging Plaintiff, or otherwise discriminating against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment because of Plaintiff's national origin, Defendant has violated Title VII, and Plaintiff has been damaged thereby.

15. Accordingly, Plaintiff is entitled to have and recover from Defendant any and all remedies available for violation of Title VII, including but not limited to compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00), injunctive relief including reinstatement, back pay, front pay as merited, and costs, including but not limited to reasonable attorney's fees.

## FOR A SECOND CAUSE OF ACTION
### (Wrongful Discharge In Violation of Public Policy - N.C. Gen. Stat. § 143-422.2)

16. Paragraphs 1 through 15 are hereby re-alleged and incorporated by reference as if fully set forth.

17. Plaintiff was an at-will employee of Defendant at all relevant times.

18. There is no right to terminate an at-will employment contract for an unlawful reason or purpose that contravenes public policy.

19. N.C. Gen. Stat. § 143-422.2 makes it the public policy of the State of North Carolina to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees. This public policy of the State of North Carolina is well-established.

3

20. Defendant regularly employed 15 or more persons at all relevant times.

21. Plaintiff is informed and believes, and therefore alleges, that Plaintiff's dismissal from employment with Defendant occurred for a reason that violates public policy, specifically, activity by the Defendant contrary to law or public policy in that Defendant discriminated and abridged Plaintiff's right and opportunity to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

22. Accordingly, and based on the above, Defendant committed the tort of wrongful discharge against the public policy of North Carolina against Plaintiff, and Plaintiff has been damaged thereby.

23. Accordingly, Plaintiff is entitled to have and recover from Defendant any and all remedies available for Defendant's commission of the tort of wrongful discharge against the public policy of North Carolina, including but not limited to compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00), injunctive relief including reinstatement, back pay, front pay as merited, and/or costs, including but not limited to reasonable attorney's fees.

WHEREFORE, Plaintiff seeks the following relief from this Court:

1. For all relief sought in the First and Second Causes of Action; including but not limited to compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00);

2. That all costs of this action, including reasonable attorney's fees, be taxed to the Defendant;

3. That Plaintiff be awarded (and Defendant be taxed with) pre-judgment interest on any judgment obtained in this action from the date of filing until the date such judgment is entered, at the maximum legal rate;

4

4. That Plaintiff receive (and Defendant be taxed with) post-judgment interest from the date any judgment obtained by him this action from the date of entry until such date as such judgment is paid by Defendant (or its heirs, successors, or assigns) in full;

5. That Plaintiff receive a jury trial of all claims in this action (THIS IS A DEMAND FOR TRIAL BY JURY); and,

6. That Plaintiff receive such additional and further relief as this Court may deem appropriate.

This the 30th day of June, 2008.

Respectfully submitted,

LAW OFFICES OF MICHAEL C. BYRNE, P.C.

By: _____
Michael C. Byrne
Wachovia Capitol Center
150 Fayetteville Street, Suite 1130
Raleigh, NC 27601
Tel: (919) 867-2572
Fax: (919) 821-3787
NC Bar #22690

5

File No. _____

# LEAD DOCUMENT FOR
# SCANNING/MICROFILMING

# AUDIT TRAIL

| Date Filmed | Description | Film No. |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

WAKE COUNTY CLERK OF SUPERIOR COURT
N. LORRIN FREEMAN
CIVIL RECEIPTING

**File Number** _____ ____ _____

Payor *Dankwa, Dan O*

Payee *Law office of Michael C Byrne*
*5 West Hargett St. Suite 310*
*Raleigh NC 27601*

(Atty Pd, Address, Ins Co, Case Caption –
Upset Bid)

## TO BE FLAGGED "Y"

| | | |
|---|---|---|
| CVSC Superior | $109.00 | [ ] |
| CVDC District<br>Small Claims Appeal | $89.00 | [ ] |
| CVMC Small Claims | $75.00 | [ ] |
| M#s Filings | #21435 | $_____ |
| CONF OF JUDGMENT | #21400 | $_____ |
| SUPPLMNT PROC | #21400 | $_____ |
| TRIAL DE NOVO<br>(Appeal Arbitration) | #24310 | $_____ |
| BUSINESS COURT | #21400 | $_____ |

### Abstract Number   JMT _____

| | | |
|---|---|---|
| JA JUDGMENT PAYMENTS #26115 | $_____ |
| FULL [ ]   PARTIAL [ ] | |
| > or = $1.00 REFUND | #29100 | $_____ |
| ATTORNEY FEES | #24610 | $_____ |
| ARBITRATION FEE M# | #24311 | $_____ |
| JA WRITS<br>(Executions/Possession) | #21430 | $_____ |
| JA TRANSCRIPT | #21440 | $_____ |

## TO BE FLAGGED "N"

| | | |
|---|---|---|
| CDDC  $144.00<br>(Divorce) | | $_____ |
| CVDC  $89.00<br>(Domestic – Divorce not included) | | $_____ |
| Arbitration Fee No M# | #24311 | $_____ |
| Pro Hac Vice<br>(Out of State Atty Fees) | #24625 | $_____ |
| Out of State Bar Fee | #24626 | $_____ |
| RENT<br>(Summary Ejectment Prorated or Monthly Rent) | #26220 | |

**Book and Page   BOOK _____ PAGE _____**

| | | |
|---|---|---|
| BOND FORFEITURE<br>(Before Judgment) | #22800 | $_____ |
| REGISTRATIONS | #21400 | $_____ |
| BONDS - SPECIFY<br>(Attachment, Restraining Order, Appeal) | #26210 | $_____ |
| OTHER   CODE # _____ | | $_____ |

| | | |
|---|---|---|
| TRUST (Minor's portion) | #26310 | $_____ |
| DEPOSIT<br>(Surplus Funds, Ernest Money, Etc.) | #26600 | $_____ |
| CONDEMNATIONS | #26130 | $_____ |
| UP-SET BID | #26700 | $_____ |

Posted By: _____

08CV0114 05

WAKE COUNTY CLERK OF COURT

M000971          07/22/08  09:06

PAYOR: DAAGA,INC,D
PAYEE:
CASE#: 08CV021404 WAKE-CV
IT AP.

21120 GEN-CIVIL FEES       90.00
21101 GEN-CV INA FEED       3.00
22120 CO FAC FEE G CV       16.00

        TOTAL PAID       109.00
        CC TENDERED      109.00
        CHANGE             .00

0091   ID 09ICL9